JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| TONY LAMONT SCOTT,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>D. DEXTER, Warden,<br><br>　　　　Respondent. | Case No. CV 09-01581-MMM<br><br>**MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.  BACKGROUND

On March 6, 2009, petitioner Tony L. Scott, a state prisoner proceeding pro se, filed in this Court a "Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254) (hereinafter "Petition").[1]  Petitioner included an additional document titled "Second Amended Petition for Writ of Habeas Corpus by a person in State Custody (28 U.S.C. § 2254)," which purports to amend a prior habeas petition filed in Case No. 07-2796-MMM

///

///

---

[1]  Petitioner omitted page 7 of the Form Petition, CV-69.  However, petitioner included an additional page after page 6, which he numbered as "6a."

1  (JWJ).² This Court has construed this additional filing as a supplement to the
2  instant Petition. This Court screened the Petition pursuant to the Federal
3  Rules of Civil Procedure, the Rules Governing Section 2254 Habeas Cases, 28
4  U.S.C. § 2243, and the Local Rules of the Central District of California. The
5  Court's screening reveals that petitioner is challenging his April 1990
6  conviction in Los Angeles County Superior Court for attempted murder and
7  attempted manslaughter. (Petition, p. 2.)

8  As noted above, petitioner previously filed a habeas petition in federal
9  court. This prior petition, which also challenged petitioner's April 1990
10 conviction, was filed on April 27, 2007. (September 19, 2007 Superseding
11 Report and Recommendation, Case No. CV 07-2796-MMM (JWJ), pp. 1-2.)
12 On May 29, 2007, this Court recommended that the prior petition be
13 dismissed with prejudice as barred by the statute of limitations. (May 29,
14 2007 Report and Recommendation, Case No. 07-2796-MMM (JWJ), p. 7.)
15 On June 21, 2007, petitioner filed a First Amended Petition. (September 19,
16 2007 Superseding Report and Recommendation, Case No. 07-2796-MMM
17 (JWJ), p. 2.) On December 31, 2007, the First Amended Petition was
18 dismissed with prejudice as barred by the statute of limitations. (December 31,
19 2007 Judgment, Case No. 07-2796-MMM (JWJ), p. 1.)

20 The instant Petition appears to present ten grounds for relief, to wit:
21 1.   Ineffective assistance of counsel;
22 2.   The trial court violated petitioner's Sixth and Fourteenth
23      Amendment rights by not allowing petitioner to be personally

---

² On December 31, 2007, this Court entered judgment dismissing petitioner's prior petition. (December 31, 2007 Judgment, Case No. CV 07-2796-MMM (JWJ), p. 1.) On February 1, 2008, petitioner filed a Notice of Appeal regarding this Court's dismissal of his prior petition. On May 13, 2008, this Court denied petitioner's Petition for Issuance of a Certificate of Appealability. (May 13, 2008 Order, Case No. CV 07-2796-MMM (JWJ), p. 1.)

|   |   |   |
|---|---|---|
| 1 |   | present during any and all read backs to the jury; |
| 2 | 3. | The trial judge illegally consolidated and amended counts 8 and 9 |
| 3 |   | in violation of the Sixth and Fourteenth Amendments; |
| 4 | 4. | The trial judge showed bias and prejudice by making the following |
| 5 |   | statement in open court: "we identify black people with gangs;" |
| 6 | 5. | The trial court abused its discretion in allowing gang membership |
| 7 |   | evidence and use of the name "bandit" in violation of the Eighth |
| 8 |   | and Fourteenth Amendments; |
| 9 | 6. | Insufficient evidence supports the judgment of deliberate and |
| 10 |   | premeditated attempted murder; |
| 11 | 7. | Insufficient evidence supports the conclusion that petitioner shot |
| 12 |   | at the Nunez dwelling; |
| 13 | 8. | The trial court gave instructions on malice which are in conflict |
| 14 |   | and cannot sustain petitioner's attempted murder conviction; |
| 15 | 9. | The trial court committed prejudicial error by refusing to give |
| 16 |   | petitioner's requested instruction on second degree murder; and |
| 17 | 10. | The trial court committed prejudicial error by failing to give the |
| 18 |   | instruction set forth in CALJIC no. 17.03. |

(Petition, pp. 5-6a.)

For the reasons discussed below, the instant Petition must be dismissed without prejudice.

## II.  DISCUSSION

Section 2244(b)(1) of Title 28 of the United States Code provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application <u>shall</u> be dismissed." (Emphasis added.)

Section 2244(b)(2) of Title 28 of the United States Code provides as

follows:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Generally speaking, a petition is second or successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. See Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001), cert. denied, 538 U.S. 984, 123 S. Ct. 1793, 155 L. Ed. 2d. 677 (2003). Moreover, although a dismissal based upon the statute of limitations does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. Reyes v. Vaughn, 276 F.Supp. 2d 1027, 1029 (C.D. Cal. 2003).

Before a second or successive application permitted under 28 U.S.C. § 2244 is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

application. 28 U.S.C. § 2244(b)(3)(A). Furthermore, "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4). See also Cooper v. Calderon, 274 F.3d at 1274 (once petition recognized as "second or successive" under § 2244(b), district court lacks jurisdiction to consider petition absent authorization from court of appeals) (citations omitted).

Petitioner previously filed a petition for writ of habeas corpus in this Court on April 27, 2007. (September 19, 2007 Superseding Report and Recommendation, Case No. CV 07-2796-MMM (JWJ), pp. 1-2.) After this Court recommended that the prior petition be dismissed for failure to comply with the statute of limitations, petitioner filed a First Amended Petition on June 21, 2007. (September 19, 2007 Superseding Report and Recommendation, p. 2.) On December 31, 2007, the First Amended Petition was dismissed with prejudice as barred by the statute of limitations. (December 31, 2007 Judgment, p. 1.) The instant Petition is based on the same conviction and sentence as the prior petition. Thus, this Petition constitutes a "second or successive petition." Reyes, 276 F.Supp. 2d at 1029 (a dismissal based upon the statute of limitations is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA). As a result, petitioner must obtain Ninth Circuit approval prior to filing the instant Petition. This Court finds no indication that such approval has been obtained. Therefore, this Court lacks jurisdiction to hear this Petition. See 28 U.S.C. § 2244(b)(3); Cooper v. Calderon, 274 F.3d at 1274 (stating that failure to request the requisite authorization to file a second or successive § 2254 petition from the circuit court deprives the district court of jurisdiction). Accordingly, the instant Petition must be dismissed without prejudice to petitioner's right to seek the

necessary authorization from the Ninth Circuit.

## **ORDER**

For the foregoing reasons,

**IT IS HEREBY ORDERED AS FOLLOWS:**

The Petition for Writ of Habeas Corpus in the instant action is dismissed without prejudice.

DATED: October 30, 2009

_____
MARGARET M. MORROW
United States District Judge

_____
JEFFREY W. JOHNSON
United States Magistrate Judge